

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

✎AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

MAY 0 9 2006

# UNITED STATES DISTRICT COURT

JAMES W. McCORMICK, CLERK

_____EASTERN_____   District of   _____ARKANSAS_____
By:_____
DEP CLERK

UNITED STATES OF AMERICA
**V.**

### JUDGMENT IN A CRIMINAL CASE

ALLISON MTHIMKHULU

Case Number:    4:05CR00109-06 JLH

USM Number:    23709-009

WILLIAM O. JAMES, JR.
Defendant's Attorney

## THE DEFENDANT:

**X** pleaded guilty to count(s)    Count 1ss of Superseding Information

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1) | Possession of marijuana with intent to distribute, a Class D Felony | 3/1/2005 | 1ss |

The defendant is sentenced as provided in pages 2 through ____5____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

**X** Count(s)    1s of Superseding Indictment    **X** is    ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

May 9, 2006
Date of Imposition of Judgment

Signature of Judge

J. LEON HOLMES, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

May 9, 2006
Date

Case 4:05-cr-00109-JLH   Document 392   Filed 05/09/06   Page 2 of 10

**DEFENDANT:      ALLISON MTHIMKHULU**
**CASE NUMBER:  4:05CR00109-06 JLH**

## PROBATION

The defendant is hereby sentenced to probation for a term of :

## THREE (3) YEARS

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| AO 245B | (Rev. 06/05) Judgment in a Criminal Case |
|---|---|
| | Sheet 4B -- Probation |

DEFENDANT: ALLISON MTHIMKHULU
CASE NUMBER: 4:05CR00109-06 JLH

## ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

14) Pursuant to the Violent Crimes Control Act, defendant will be subject to a special condition of drug testing while on probation under the guidance and supervision of the U.S. Probation Office.

15) The defendant must participate, under the guidance and supervision of the probation officer, in a substance abuse treatment program which may include testing, outpatient counseling, and residential treatment. Further the defendant must abstain from the use of alcohol throughout the course of treatment.

16) The defendant must participate in mental health counseling under the guidance and supervision of the U. S. Probation office.

17) Defendant must complete 100 hours of community service during the first year of probation.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties

Judgment — Page ___4___ of ___5___

DEFENDANT:        ALLISON MTHIMKHULU
CASE NUMBER:      4:05CR00109-06 JLH

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0 | $ 0 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $              0 | $              0 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

   ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B     (Rev. 06/05) Judgment in a Criminal Case
            Sheet 6 — Schedule of Payments

DEFENDANT:        ALLISON MTHIMKHULU
CASE NUMBER:      4:05CR00109-06 JLH

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A   ☐   Lump sum payment of $ _____ due immediately, balance due

        ☐   not later than _____ , or
        ☐   in accordance     ☐  C,    ☐  D,    ☐   E, or    ☐  F below; or

B   ☐   Payment to begin immediately (may be combined with     ☐ C,     ☐ D, or     ☐ F below); or

C   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
        _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
        _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
        term of supervision; or

E   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
        imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☐   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

X   The defendant shall forfeit the defendant's interest in the following property to the United States:
    **SEE ATTACHED PRELIMINARY ORDER OF FORFEITURE ENTERED ON MARCH 1, 2006**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

**FILED**

IN THE UNITED STATES DISTRICT COURT   U.S. DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS .   EASTERN DISTRICT ARKANSAS

**MAR - 1 2006**

UNITED STATES OF AMERICA

JAMES W. McCORMACK, CLERK
By:_____

v.                                    No. 4:05CR00109 JLH                    DEP CLERK

ROBERT PHILLIP BREVARD, III
aka ROB;
BRODERICK CHUNN, aka MONEY B.;
ALLISON MTHIMKHULU
STEPHEN BURKS

PRELIMINARY ORDER OF FORFEITURE
Fed.R.Crim.P. 32.2(b)

IT IS HEREBY ORDERED THAT:

1.  As the result of a guilty plea to Count One of the
Second Superseding Indictment filed on June 8, 2005, and a
stipulation of the defendant, STEPHEN BURKS, in which he agreed
to the forfeiture of any interest in a sum of money equal to
approximately $19,900.00 in U. S. Currency representing the
amount of proceeds obtained as a result of the offense set forth
in Count 1, and his interest in a 2001 Dodge Dakota Truck VIN #
1B7HL2AX91S262414 that the Government sought pursuant to Title
21, United States Code, § 853; and

2. As the result of a guilty plea to Count One of the
Superseding Information filed on November 4, 2005, and a
stipulation of the defendant, ALLISON MTHIMKHULU, in which she
agreed to the forfeiture of any interest in a sum of money equal
to approximately $11,388.00 in U. S. Currency representing the
amount of proceeds obtained as a result of the offense set forth

in Count 1, that the Government sought pursuant to Title 21

United States Code, § 853;

3.    As the result of a guilty plea to Count One of the

Superseding Indictment filed on June 8, 2005, and a stipulation

of the defendant, ROBERT PHILLIP BREVARD, III, aka ROB, in which

he agreed to the forfeiture of any interest in a sum of money

equal to approximately $19,900.00 in U. S. Currency representing

the amount of proceeds obtained as a result of the offense set

forth in Count 1 that the Government sought pursuant to Title 21,

United States Code, § 853; and all the above stated defendants,

STEPHAN BURKS, ALLISON MTHIMKHULU, and ROBERT PHILLIP BREVARD,

III, aka ROB shall forfeit to the United States:

a.    All property used or intended to be used in any manner

or part to commit the commission of offenses involving Title 21,

United States Code, Section 841 and 846;

b.    Any property constituting, or derived from, any proceeds

the person obtained, directly or indirectly, as the result of

such violation.

4.    The Court has determined, based on the evidence already

in the record that the following properties are subject to

forfeiture pursuant to Title 21, United States Code, § 853(a),

and that the government has established the requisite nexus

between such property and such offenses:

a.    A sum of money equal to approximately $19,900.00 in

2

U. S. Currency representing the amount of proceeds
obtained as a result of the offense set forth in Count
1;

b.   A 2001 Dodge Dakota Truck VIN # 1B7HL2AX91S262414
seized from STEPHEN BURKS;

c.   Approximately $11,388.00 seized from ALLISON
MTHIMKHULU;

5.   Upon the entry of this Order, the United States Attorney
General (or a designee) is authorized to seize the above listed
property and to conduct any discovery proper in identifying,
locating, or disposing of the property subject to forfeiture, in
accordance with Fed.R.Crim.P. 32.2(b)(3).

6.   Upon entry of this Order, the United States Attorney
General (or a designee) is authorized to commence any applicable
proceeding to comply with statutes governing third party rights,
including giving notice of this Order.

7.   The United States shall publish notice of the order and
its intent to dispose of the property in such a manner as the
United States Attorney General (or a designee) may direct.   The
United States may also, to the extent practicable, provide
written notice to any person known to have an alleged interest in
the Subject Property.

8.   Any person, other than the above named defendants,
asserting a legal interest in the Subject Property may, within
thirty days of the final publication of notice or receipt of
notice, whichever is earlier, petition the Court for a hearing

3

without a jury to adjudicate the validity of his alleged interest
in the Subject Property, and for an amendment of the order of
forfeiture, pursuant to Title 21, United States Code, §
853(n)(2).

9.   Pursuant to Fed.R.Crim.P. 32.2(b)(3), this Preliminary
Order of Forfeiture shall become final as to the defendant at the
time of sentencing and shall be made part of the sentence and
included in the judgment.  If no third party files a timely
claim, this Order shall become the Final Order of Forfeiture, as
provided by Fed.R.Crim.P. 32.2(c)(2).

10.   Any petition filed by a third party asserting an
interest in the Subject Property shall be signed by the
petitioner under penalty of perjury and shall set forth the
nature and extent of the petitioner's right, title, or interest
in the Subject Property, the time and circumstances of the
petitioner's acquisition of the right, title, or interest in the
Subject Property, any additional facts supporting the
petitioner's claim and the relief sought.

11.   After the disposition of any motion filed under
Fed.R.Crim.P. 32.2(c)(1)(A) and before a hearing on the petition,
discovery may be conducted in accordance with the Federal Rules
of Civil Procedure upon a showing that such discovery is
necessary or desirable to resolve factual issues.

12. The United States shall have clear title to the Subject
Property following the Court's disposition of all third-party
interests, or, if none, following the expiration of the period
provided in Title 21, United States Code, Section 853(n)(2) for
the filing of third party petitions.

13. The Court shall retain jurisdiction to enforce this
Order, and to amend it as necessary, pursuant to Fed.R.Crim.P.
32.2(e).

SO ORDERED this __1st__ day of __March__, 2006.

_____
UNITED STATES DISTRICT JUDGE

5